IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| ABLE FUND; ABLE EURO FUND; | * | |
| BANK OF BERMUDA GUERNSEY; | * | |
| BANQUE CANTONALE VAUDOISE; | * | |
| BANQUE DE LUXEMBOURG; | * | |
| BANQUE PRIVEE EDMOND DE | * | |
| ROTHSCHILD LIMITED; BLAZER | * | |
| CAPITAL, INC.; CREDIT SUISSE | * | |
| PRIVATE BANKING; HERACLES; | * | |
| THE KERROSEN GLOBAL FUND, LTD.; | * | |
| PICTET & CIE BANQUIERS; KB LUX | * | |
| SPECIAL OPPORTUNITIES INVESTING; | * | |
| KGH NEPTUNE; KGH SATURNE; | * | |
| MARTINEX LTD.; SOCIETE | * | |
| EUROPEENE DE BANQUE; | * | |
| SOMERS DUBLIN LIMITED; and | * | |
| FRIEDRICH ZELLWEGER, | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No. 3:05-CV-2263-H |
| | * | |
| J. ROBERT DOBBINS; DOBBINS | * | |
| OFFSHORE CAPITAL LLC; DOBBINS | * | |
| OFFSHORE LTD.; KPMG | * | |
| ACCOUNTANTS N.V.; and CITCO FUND | * | |
| SERVICES (Curaçao) N.V., | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Citco Fund Services (Curaçao), N.V.'s ["Citco"] Motion to Dismiss Plaintiffs' First Amended Petition, and supporting brief and appendix, filed January 13, 2006; Defendant KPMG Accountants B.V.'s ["KPMG"] Motion to Dismiss for Lack of Personal Jurisdiction, and supporting brief and appendix, filed January 13, 2006; Plaintiffs' Response in Opposition to Defendants' Motions to Dismiss, and supporting brief and appendix, filed February

3, 2006; Citco's Reply, filed February 17, 2006; and KPMG's Reply, and supplemental appendix, filed February 17, 2006.

For the reasons that follow, Defendants' motions are granted.

## I. Background

This diversity case was brought by Plaintiffs, eighteen European and Caribbean investment groups, against an offshore hedge fund and related entities. Defendant J. Robert Dobbins of Texas was a director of a British Virgin Islands hedge fund, Defendant Dobbins Offshore, Ltd. ["Fund"], which was managed by a Texas management company, Defendant Dobbins Offshore Capital, LLC ["Dobbins Capital"] [collectively, the "Dobbins Defendants"]. The gravamen of Plaintiffs' complaint is that the Dobbins Defendants allegedly made a series of misrepresentations to induce Plaintiffs to purchase overvalued shares in the Fund, or to maintain existing investments in the Fund. Plaintiffs assert causes of action against the Dobbins Defendants for fraud, breach of fiduciary duty, and negligence.

Defendant Citco Fund Services (Curaçao), N.V ["Citco"], a Netherlands Antilles firm, provided administrative services to the Fund. Plaintiffs claim that Citco participated in the alleged fraud and negligence by failing to verify independently that the Fund's portfolio was accurately valued, and by disseminating false monthly Net Asset Valuation ["NAV"] statements to investors from approximately January 2000 through May 2003. Against Citco, Plaintiffs have brought claims for fraud and negligence.[1]

---

[1] Although all of the Plaintiffs have sued the Dobbins Defendants, only eight of the Plaintiffs have sued Citco and KPMG.

Defendant KPMG Accountants, N.V.[2] ["KPMG"] is a Netherlands Antilles accounting firm accused of, among other actions, wrongfully issuing a "clean" audit report to investors for the year ending December 31, 2000. Against KPMG, as against Citco, Plaintiffs allege claims for fraud and negligence.

On August 16, 2005, Plaintiffs filed this case in the 116th Judicial District Court of Dallas County, Texas. It was removed to the United States District Court for the Northern District of Texas on November 17, 2005, and randomly assigned to the docket of Chief Judge Joe Fish. By order of November 21, 2005, the case was transferred to this Court because it is closely related to a previously filed case on the Court's docket, *Securities and Exchange Commission v. DB3 Holdings*, et al., Civ. No. 3:04-CV-0605-H ( ["SEC Lawsuit"].[3] In the SEC Lawsuit, J. Robert Dobbins consented to Final Judgment and injunction, entered on July 12, 2005, in favor of the SEC. The Court retains jurisdiction to oversee the Receivership established by the Judgment.

In the present matter, Defendants Citco and KPMG ask the Court to dismiss them from the case for lack of personal jurisdiction. In addition, Citco moves for dismissal on the claims of fraud (for failure to plead with specificity) and negligence (for failure to state a claim for which relief may

---

[2] KPMG Accounts B.V. is the successor entity of KPMG Accountants N.V. The name change reflects conversion to a different form of limited liability company under Netherlands Antilles law in September 2005. *See* Def. Brf. at 5.

[3] Also pending on the Court's docket are these cases related to the SEC Lawsuit: *Elins v. DB3 Holdings, Inc.*, Civ. No. 3:05-CV-1556-H; *Waller v. P&A Diversified Managers Fund, L.P.*, Civ. No. 3:06-CV-0416-H; *Waller v. Entrade, Inc.*, Civ. No. 3:06-CV-0505-H; *Waller v. Pidgeon*, Civ. No. 3:06-CV-0506-H; *Waller v. Pennington Oil Co., Inc.*, Civ. No. 3:06-CV-0507-H; and *Elins Family Holdings, LLC v. Citco Fund Servs. (Curaçao N.V.)*, Civ. No. 06-CV-0889-H.

be granted). Finding no personal jurisdiction over either Defendant, the Court does not reach the remaining grounds for dismissal.

## II. Personal Jurisdiction Standard

The law of personal jurisdiction is well-developed and settled. A plaintiff bears the burden of establishing the trial court's jurisdiction over each defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). In the context of a motion to dismiss, the plaintiff need only make out a *prima facie* case of personal jurisdiction; proof by a preponderance of the evidence is not required. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). Non-conclusory factual allegations in the complaint must be accepted as true, and all factual conflicts must be resolved in favor of the plaintiffs. *Id.* The court may consider the parties' affidavits, deposition testimony, and any other discovery available at the time of the determination. *Id.*

In diversity cases, such as this one, a nonresident defendant is amenable to the personal jurisdiction of a federal court to the same extent permitted a state court in the state where the federal court sits. *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983). Because the Texas long-arm statute confers jurisdiction to the limits of the 14th Amendment, a nonresident's amenability to personal jurisdiction under the Texas long-arm statute "collapses into a federal-style inquiry as to whether jurisdiction comports with federal constitutional guarantees." *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir.1999) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)); *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).

Fourteenth Amendment due process ensures that persons have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring). Two elements must be satisfied. First, the nonresident

must have minimum contact with the forum, resulting from an affirmative act on its part, such that the nonresident could anticipate being "haled into the courts" of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985). Second, subjecting the nonresident to jurisdiction must be consistent with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Because the Court does not reach a discussion of the "fairness" requirement, only the standard for minimum contacts is set out here.

To establish minimum contacts, a nonresident defendant must perform some act or acts by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *International Shoe*, 326 U.S. at 319. The "purposeful availment" requirement of the minimum contacts inquiry insures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party. *Id.* A plaintiff must establish a "substantial connection" between the nonresident defendant and the forum state. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) (citing *Burger King*, 471 U.S. at 475 n.18).

*In personam* jurisdiction may be exercised over a nonresident defendant under one or both of two theories -- general jurisdiction or specific jurisdiction. General jurisdiction exists when a defendant's contacts with the forum state can be described as "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Specific jurisdiction may be imposed when, though contacts with the forum may not be continuous and systematic, the plaintiff's cause of action arises out of, or is related to, the contacts that do exist. *Id.* at 413 n.8; *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986), *cert. denied*, 481

5

U.S. 1015 (1987). Under either a specific or general jurisdiction analysis, the "constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King*, 471 U.S. at 474 (citing *International Shoe*, 326 U.S. at 316).

When determining whether a defendant has purposefully availed itself of the privilege of conducting business in the forum state, the court must consider all factors on a case-by-case basis. *Stuart*, 772 F.2d at 1192 ("[N]o single factor, particularly the number of contacts, is determinative."). The test is not mechanical and quantitative, but rather relies on the quality and nature of a defendant's activity. *See id*.

### III. Analysis

In this case, Defendants Citco and KPMG assert that they lack the minimum contacts with Texas necessary for personal jurisdiction to be imposed. The Court agrees with both Defendants.

A.   Citco's Motion

   1.   General Jurisdiction

Defendant Citco is a foreign corporation with its sole place of business in Curaçao, Netherlands Antilles, an independent country within the Kingdom of the Netherlands. The uncontroverted facts show that Citco has never maintained an office, entered into any contracts, maintained a registered agent or bank account, owned or leased property, or maintained a mailing address or telephone listing in Texas; or derived revenue for providing services to any investment fund located or incorporated in Texas. *See* Fenlon Aff., Def. Appx. at 4. Plaintiffs rest their assertion of general personal jurisdiction only on conclusory allegations,[4] which the Court rejects.

---

   [4] Plaintiffs allege such conclusory statements as the following: "The Court has personal jurisdiction over the defendants, each of whom has done business in the State of Texas . . . and each of whom has sufficient minimum contacts with the State of Texas so as to make the

6

*See Goddard v. National Ass'n of Physician Recruiters, Inc.*, 2005 WL 50871, at *2 (N.D. Tex. 2005). General personal jurisdiction is clearly lacking. *See Helicopteros*, 466 U.S. at 415-16; *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003); *National Union Fire Ins. Co. v. IF P & C Ins., Ltd.*, 2005 WL 1639282, at *7-8 (N.D. Tex. 2005).

    2.    Specific Jurisdiction

Citco's sole contact with Texas has been in furtherance of its administration of the Fund. It is these contacts, Plaintiffs argue, that give rise to specific jurisdiction in this state. Dobbins, a director of the Fund, and Dobbins Capital, the Fund's manager, are residents of Texas. Plaintiffs allege, and the Court must for purposes of this motion accept as true, the following jurisdictional facts. In the Complaint, Plaintiffs assert that "upon information and belief, Citco sent the Fund's monthly account statements to Dobbins and Offshore Capital in Texas; . . . upon information and belief, Citco and KPMG interacted with Dobbins in Texas by email, phone and in person concerning Citco's duties as administrator . . .." Compl. at 7.[5] In the present motion and appendix, Plaintiffs provide evidence of regular communications between Citco and Dobbins and Dobbins Capital. *See* Fenlon Tr. at 18-19, 22-23; Plf. Appx. at 169-211 (email correspondence between Citco and Dobbins Capital from March 25, 1999, through March 17, 2003). The record reveals also some correspondence with other of the Fund's service providers -- the Fund's Texas counsel and a Texas brokerage firm. *See* Plf. Appx. at 217-218, 230. The evidence shows, too, that Citco was aware of

---

exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.: Compl. at 7. "Citco and KPMG . . . have done business in the State of Texas within the meaning of [the relevant statue] by contracting with Texas residents and/or committing one or more torts in whole or in part in the State of Texas." *Id*. at 8.

   [5] All references to the Complaint are to Plaintiffs' First Amended Petition, filed in state court on August 16, 2005.

the physical location of all of those entities. *See id.*; Fenlon Tr. at 17-18. Most relevant, the subject of some of the communications with Dobbins and Dobbins Capital was valuation of illiquid securities in the Fund's portfolio, along with calculation of the Fund's net asset value, or "NAV." *See id*. at 26-28.

It is the last of Plaintiffs' jurisdictional allegations that makes this otherwise straightforward case a closer call. Asset valuation, NAV calculation, and NAV reporting are at the heart of the claims against Citco. The question is whether communications on these issues directed not to Plaintiffs but to co-defendants Dobbins and Dobbins Capital in Texas, are enough to deem Citco to have "purposefully availed" itself of the "privilege of conducting activities" within the state, thus "invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474; *see Hanson v. Denckla*, 357 U.S. at 253. The Court is of the view that the answer is no, and for several reasons.

First, this is not a case in which an intentional tort arises from an alleged misrepresentation directed to a forum state resident. *Cf. Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212-13 (5th Cir. 1999) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment."). Nor is this a case in which the injury from an alleged tort, perpetrated elsewhere, was suffered here. *Cf. Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 773-75 (1984); *see Burger King*, 471 U.S. at 476 n.18) ("So long as it creates a 'substantial connection' with the forum, even a single act can support [specific] jurisdiction."). No Plaintiff is a resident of or was injured in Texas. That fact alone, of course, does not dispose of the jurisdictional issue. *See Keeton*, 465 U.S. at 775. However, the location of the tort on which the suit is based is a factor to consider when assessing, as the Court must, the total qualitative "relationship between the Defendant, the forum state, and [the] litigation." *TIG Ins. Co. v. NAFCO Ins. Co., Ltd.*,

8

177 F. Supp. 2d 561, 566 (N.D. Tex. 2001); *but cf. Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005) (de-emphasizing location of injury in the personal jurisdiction analysis).

In this case, the torts alleged against Citco are wholly unrelated to the forum.  Even if, as the Court must accept to be true, the communications between Citco in the Caribbean and Dobbins in Texas directly address improper valuation of the Fund's assets, no tort arises from the contacts themselves.  The gravamen of the fraud claim is that Citco gave Plaintiffs false NAV statements on which they relied in investment decisions.  *See* Compl. at 28-29.  It is undisputed that the NAV statements were issued outside of Texas and were received and used outside of Texas.  Fraud thus arose, if at all, elsewhere.  *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 796-97 (Tex. 2002) (finding no specific jurisdiction where fraudulent misrepresentation and reliance occurred outside forum); *see also In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (setting out the elements of common-law fraud in Texas).

Similarly, the negligence claim arises, if at all, outside the state.  Plaintiffs assert that Citco improperly failed to conduct an independent asset valuation, and failed to exercise ordinary care in the exercise of its professional responsibilities.  *See* Compl. at 29-30.  That conduct would have occurred, or failed to occur, in Citco's Curaçao offices.  Its effects were suffered in Plaintiffs' countries of residence.  No tort is alleged to have been committed in whole or part in this state.  *See Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753-54 (5th Cir.1996) (finding no personal jurisdiction where injury occurred outside forum); *see also SIAI Ins. Co. (RRG) Ltd. v. AON Risk Servs., Inc.*, 2003 U.S. Dist. LEXIS 25581 (N.D. Tex. 2003) (Kinkeade, J.) (same).

It is true that specific jurisdiction may be based not only on conduct from which the cause of action arises, but also on conduct "related to" the claims. *See Helicopteros*, 466 U.S. at 414 n. 8. Even though the Citco-Dobbins communications are "related to" this lawsuit, however, they do not support the requirement that Citco "purposely avail" itself of the benefits and protections of the forum. On May 30, 1997, Citco entered into a contract to render administrative services to the Fund. The Fund is incorporated under the laws of the British Virgin Islands, with its principal place of business on the island of Tortola. The contract was expressly governed by the law of the Netherlands Antilles. Def. Appx. at 8-12 (Administrative Services Agreement). Under Fifth Circuit law, the contract thus does not in and of itself support the exercise of jurisdiction in Texas. *See, e.g., Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *Holt Oil*, 801 F.2d at 778.

It is reasonable to assume that performance of a contract for administrative services to a hedge fund would require regular interaction with the fund's manager, wherever that manager might be located. In this case, Citco would have expected to communicate regularly with Dobbins Capital in Texas. However, the mere exchange of communications incident to performance of a contract has been routinely held not to invoke specific jurisdiction. *See, e.g., Holt*, 801 F.2d at 778; *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147-48 (5th Cir. 1985); *TeleVentures, Inc. v. International Game Tech.*, 12 S.W.3d 900, 910 (Tex. App.--Austin 2000, pet. denied). In accepting the Fund contract, even knowing it would communicate with a Texas entity as a result, Citco cannot have reasonably anticipated being haled into a Texas court thereby. *See Burger King*, 471 U.S. at 474.

In short, Plaintiffs' attempt to bootstrap Citco into the lawsuit by way of Dobbins's contacts with this forum must fail. The sole Texas connection rests on the fortuitous location of a co-

10

defendant with which Citco did not contract, but with which Citco was obliged to correspond in the performance of its offshore duties. Such contact cannot be said to be purposeful. *See Freudensprung,* 379 F.3d at 343-44 (finding no personal jurisdiction based on interaction among related co-defendants); *see also Michiana Easy Livin'*, 168 S.W.3d at 785 ("[P]urposeful availment ensures that a defendant will not be haled into a jurisdiction solely as a result of . . . the unilateral activity of another party or a third person.") (internal quotations omitted) (citing *Burger King*, 471 U.S. at 475). By the same token, ancillary contacts with other Fund service providers in Texas do not support specific jurisdiction. *See Credit Comm. de France, S.A. v. Morales,* --- S.W.3d ---, 2006 WL 332541, *9 (Tex. App.--San Antonio 2006, no writ hist.) ("[M]inimum contacts may not be satisfied by merely engaging in communications with a Texas corporation during performance of a contract."); *see also Trinity Indus., Inc. v. Myers & Assoc., Ltd.*, 41 F.3d 229, 231 (5th Cir. 1995) ("The bare existence of an attorney-client relationship is not sufficient."). The requirement of minimum contacts is not met.

Plaintiffs' reliance on the state court decision *Gutierrez v.Cayman Islands Firm of Deloitte & Touche* is plausible but misplaced. 100 S.W.3d 261 (Tex. App.--San Antonio 2002, writ dism'd). In that case, like ours, plaintiff investors sued an offshore accounting firm, DTT-Cayman, for the allegedly fraudulent audit of an offshore investment company, called InverWorld. The Texas court exercised jurisdiction over DTT-Cayman, a firm organized under the laws of and with its principal place of business in the Cayman Islands. *See id*. at 266-68. Core jurisdictional facts differ between that case and this one, however; and the comparison is illuminating. The investment company with which DTT-Cayman contracted, InverWorld, although it was organized under Caymanian law, operated from a principal place of business in San Antonio, Texas. *Id*. at 269-70. DTT-Cayman

sub-contracted some of the auditing work to its sister entity DT-Texas, located in Houston, and retained final authority over the Houston sub-contractor for the project. The engagement letter named both a DT-Cayman partner and a DT-Texas partner as joint accountants in charge. Although none of the plaintiff investors resided in Texas, DT-Cayman distributed the audited financial statements, from which the cause of action arose, to multiple Texas shareholders. The bulk of the auditing work was performed physically in San Antonio by the Houston sub-contractor, and although no member of DTT-Cayman ever came to Texas, DTT-Cayman sent an annual consolidated bill to InverWorld's Texas office for the audit. Under those facts and others, compelling in their totality, the court found a substantial connection to Texas and therefore exercised personal jurisdiction. *Id.* at 271-76.

Here, in stark contrast, Citco contracted with a foreign entity with its principal place of business not in Texas but offshore; performed the contract not in Texas but in the Caribbean; did not sub-contract its work to or otherwise affiliate with a Texas company; and sent its bill to, and was paid by, the foreign company with which it contracted. No factor that the *Gutierrez* court cited as a primary basis for finding personal jurisdiction is present in this case.

As a final note, the Court is aware of the possibility that its decision today may eliminate Plaintiffs' sole avenue of relief in the United States against Citco. However, Plaintiffs chose to invest in an offshore fund that advertised immunity from American regulation and taxation. *See* Def. Appx. at 13-52 (Fund "Confidential Offering Memorandum"). The equities, to the extent that they are applicable here, do not weigh in favor of either side. Lacking minimum contacts with Texas, Citco is not amenable to suit in this forum.

B.      KPMG's Motion

In a similar motion, Curaçao accounting firm KPMG asks the Court to dismiss it for lack of personal jurisdiction. Plaintiffs' claims against KPMG for fraud and negligence are based on KPMG's audit of the Fund for the year 2000. Specifically, the audit is alleged to have been fraudulent; and, like Citco, KPMG is accused of negligence by failing independently to verify asset valuations on which its work was based.

The uncontroverted facts show that KPMG is a limited liability company organized under the laws of the Netherlands Antilles, with its principal place of business in Curaçao. KPMG does not maintain a registered agent in Texas; and does not maintain any bank accounts or offices, or own real property here. KPMG performed its 2000 audit of the Fund from its offices in Curaçao, where Citco maintained the Fund books and records. KPMG forwarded its completed audit to the Curaçao offices of Citco, which was responsible for its dissemination.

Plaintiffs allege the following jurisdictional facts, which KPMG disputes, but which the Court must for these purposes accept as true. *See Thompson*, 755 F.2d at 1164. KPMG communicated with co-defendant Dobbins by email, phone, and in person in the process of performing its contract(s) with the Fund. The audit reports, finalized and in draft form, were sent to Dobbins and Dobbins Capital in Texas. KPMG solicited input, verbally and by documentation, from Dobbins Capital employees and others in Texas regarding valuation of assets for the audit. KPMG discussed payment of its bill by communication sent to Dobbins in Texas. KPMG was aware that the Fund had a brokerage account in Texas. KPMG corresponded with Dobbins in Texas regarding the SEC investigation of the Fund and regarding KPMG's resignation of the audit engagement.

13

Nothing about these contacts elevates them from the sphere of "mere communications" with Texas based on the fortuitous location of the management company of the foreign entity with which KPMG contracted.[6]  *See Freudensprung,* 379 F.3d at 343-44 ("[P]roper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated.").  Under the same analysis as for Citco above, this conduct does not support the Court's exercise of personal jurisdiction over KPMG.

### IV.  Conclusion

For the reasons given above, the motion to dismiss of Defendants Citco and KPMG are **GRANTED**.  Defendants Citco Fund Services (Curaçao) N.V. and KPMG Accountants B.V. are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

SO ORDERED.

DATED: June 22, 2006.

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

---

[6]  Plaintiffs imply that KPMG entered into contacts directly with Dobbins in Texas for Fund audits for 1998 and 2001.  Plf. Appx. at 261-64, 315-18.  However, inspection of the signature pages of those agreements reveal that they were not with Dobbins individually but rather with the Fund, and were executed by Dobbins as president and director, respectively.  *See id*. at 264, 318.